UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMIE LYNN FOLTZ,<br><br>Plaintiff,<br><br>v.<br><br>GEICO INDEMNITY COMPANY, and Does 1 through 25, inclusive,<br><br>Defendants. | No. 1:21-cv-00131-DAD-SAB<br><br>ORDER DENYING PLAINTIFF'S MOTION TO REMAND<br><br>(Doc. No. 9) |

This matter is before the court on plaintiff Jamie Lynn Foltz's motion to remand this action to the Fresno County Superior Court. (Doc. No. 9.) Pursuant to General Order No. 617 addressing the public health emergency posed by the COVID-19 pandemic, on February 24, 2021, plaintiff's motion was taken under submission on the papers. (Doc. No. 10.) The court has considered the submissions of counsel, and for the reasons discussed below, will deny the motion to remand.

**BACKGROUND**

On June 5, 2020, plaintiff filed the complaint against defendant in Fresno County Superior Court asserting the following four claims: (1) breach of written contract, (2) breach of the implied covenant of good faith and fair dealing, (3) fraud, and (4) breach of the California Unfair Competition Law, Business and Professions Code § 17200, *et seq.*, ("UCL"). (Doc. No. 1-2 at 1.)

1

The complaint alleges that plaintiff insured her vehicle with defendant GEICO Indemnity Company ("GEICO") and that defendant allegedly mishandled an insurance claim she submitted after her car was damaged in an accident on or about April 10, 2020. (*Id.* at ¶¶ 5–21.) Plaintiff's complaint did not demand a specific sum, but the action was filed as an unlimited civil case, which by statute means one involving damages exceeding $25,000. (*Id.* at 17; Cal. Civ. Proc. Code § 85–86.1.)

Defendant removed the case to this federal court on January 29, 2021 on the basis of diversity jurisdiction. (Doc. No. 1 at 2.) Defendant asserts that for the purposes of diversity: it was a Maryland corporation at the time the action was commenced;[1] and that plaintiff is a citizen and resident of California. (Doc. Nos. 1 at 6; 5 at 2.) In its notice of removal, defendant asserts that the removal is timely because it was not apparent the amount in controversy exceeded $75,0000 until at least December 31, 2020, when plaintiff served her supplemental responses to defendant's first set of special interrogatories ("Supplemental Responses"). (Doc. No. 1 at 4.) However, defendant contends that the Supplemental Responses provided "some information" as to the amount in controversy, but they "did not clearly establish on their face that the amount in controversy exceeds $75,000." (Doc. No. 1 at 4.) In the opposition the pending motion, defendant asserts that at some unspecified point after receiving the Supplemental Responses it began to conduct its own research into the potential value of plaintiff's claims and regrading jury verdicts in cases involving similar claims, and this research caused defendant to conclude that the amount in controversy in this case was in excess of $75,000. (Doc. No. 13 at 5–6.)

On February 23, 2021, plaintiff filed a motion to remand. (Doc. No. 9 at 1.) Therein plaintiff argues that her original discovery responses to defendant's first set of special interrogatories, served on October 1, 2020 ("Original Responses"), showed that her damages and request for attorneys' fees brought the amount in controversy above the $75,000 threshold. (Doc.

---

[1] By the time of removal, defendant had become a Nebraska corporation with its principal place of business in Chevy Chase, Maryland. (Doc. No. 5 at 2.) However, the domicile of a party "for purposes of diversity is determined as of the time the lawsuit is filed." *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986) (internal citation omitted). When the complaint was filed in state court, defendant was a Maryland corporation (Doc. No. 5 at 2), thus for the purposed of diversity, the court will consider defendant as domiciled in Maryland.

2

No. 9-1 at 2, 7, 12, 13.) Thus, according to plaintiff, defendant's notice of removal needed to be filed within thirty days of October 1, 2020, rendering defendant's filing on January 29, 2021 untimely. (*Id.* at 2.)

On March 23, 2021, defendant filed its opposition to the pending motion, and plaintiff filed her reply thereto on March 29, 2021. (Doc. Nos. 13, 14.)

**LEGAL STANDARD**

A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). Removal is proper when a case originally filed in state court presents a federal question or where there is diversity of citizenship among the parties and the amount in controversy exceeds $75,000. *See* 28 U.S.C. §§ 1331, 1332(a). An action may be removed to federal court on the basis of diversity jurisdiction only where there is complete diversity of citizenship. *Hunter v. Phillip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009). For diversity purposes, a person is a citizen of a state if they are: (1) a citizen of the United States and (2) domiciled in that state. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). "[A] corporation [is] . . . a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1); *see also Breitman v. May Co. Cal.*, 37 F.3d 562, 564 (9th Cir. 1994) ("[A] corporation is typically a citizen of two states for determining the existence of diversity jurisdiction: the state of incorporation and the state in which it has its principal place of business.").

The procedure for the removal of civil actions is outlined in 28 U.S.C. § 1446. *Roth v. CHA Hollywood Med. Ctr., L.P.*, 720 F.3d 1121, 1124 (9th Cir. 2013). A defendant has just thirty days to remove a case from state court to federal court once either of the two possible triggering events occurs: (1) from the service of an initial pleading that indicates that the case is removable; or (2) if the pleading does not indicate the case is removable, then from the receipt "through service or otherwise" of "a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." *See* 28 U.S.C. § 1446(b)(1), (3). Defendants "need not make extrapolations or engage in

3

guesswork; yet the statute 'requires a defendant to apply a reasonable amount of intelligence in ascertaining removability.'" *Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1140 (9th Cir. 2013) (quoting *Whitaker v. Am. Telecasting, Inc.*, 261 F.3d 196, 206 (2d Cir. 2001)). If no document triggers the 30-day deadlines, a defendant can remove a case on the basis of diversity jurisdiction "anytime up to a year after service of the complaint based on its own information or research." *Roth*, 720 F.3d at 1125; 28 U.S.C. § 1446(c)(1).

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Section 1447(c) "is strictly construed against removal jurisdiction, and the burden of establishing federal jurisdiction falls to the party invoking the statute." *Cal. ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004) (citation omitted); *see also Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009) ("The defendant bears the burden of establishing that removal is proper."). As such, a federal court must reject jurisdiction and remand the case to state court if there is any doubt as to the right of removal. *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003); *see also Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1118 (9th Cir. 2004).

## ANALYSIS

Here, it is disputed whether defendant's removal of this action to this federal court was timely. Plaintiff argues that defendant's removal was untimely because plaintiff contends that her Original Responses triggered commencement of the 30-day deadline on October 1, 2020. (Doc. No. 9-1 at 7, 12, 13.) Plaintiff's overarching argument is that defendant GEICO had subjective knowledge that the amount in controversy in this action exceeded $75,000 by October 1, 2020 at the latest. (*Id.* at 7.) In support of this argument, plaintiff specifically asserts the following: (1) defendant GEICO knew that plaintiff's claims for emotional distress and punitive damages could exceed $75,000 based on, *inter alia*, prior judgments against defendant GEICO; (2) defendant knew that plaintiff's recovery of attorney's fees could exceed $75,000 because plaintiff sought in a motion, and the state court had set, a jury trial of 12–15 days; and (3) defendant knew that plaintiff's disgorgement and restitution claim could exceed $192,000

4

based on multiplying the $16 annual premium plaintiff had claimed in her October 1, 2020 Original Responses by the 3,000 policyholders over a four-year time frame. (*Id.* at 12–13.)

In its opposition, defendant argues that the running of the thirty-day removal deadline was never triggered because neither plaintiff's complaint nor her discovery responses indicated that the case was removable on the face of those documents. (Doc. No. 13 at 4–5.) Because plaintiff's Original Responses disclosed only claimed damages of approximately $2,500, much less than the $75,000 threshold, defendant argues that the 30-day clock of § 1446(b)(3) was not started by receipt of those Original Responses. (*Id.* at 10–11.) Defendant alleges that the "only reason" it eventually ascertained the amount in controversy exceeded $75,000 was because defendant conducted its own "additional research and analysis of verdicts, decisions, and potential recovery under § 17200." (*Id.* at 12.)

In reply, plaintiff argues that defendant failed to use the required "reasonable amount of intelligence" to ascertain from plaintiff's papers that the case met the amount in controversy requirement. (*See, e.g.*, Doc. No. 14 at 1, 3, 5) (citing *Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1140 (9th Cir. 2013)). The court addresses these arguments below.

Underlying plaintiff's argument is the assumption that defendant had subjective knowledge[2] or otherwise should have been able to calculate that plaintiff's claims for damages and/or her request for attorneys' fees would exceed $75,000. (Doc. No. 9-1 at 12.) Plaintiff argues both that defendant independently had this information based on its past settling of similar claims brought by others and that this information could be gleaned through statements made in her Original Responses when combined with defendant's knowledge. (*Id.* at 7.) However, plaintiff's own argument underscores the fact that not all of information needed to determine the amount in controversy were contained in either plaintiff's complaint or any of her discovery responses.

/////

---

[2] Plaintiff elsewhere appears to contend that if defendant did not have the requisite subjective knowledge, it could have obtained that knowledge by conducting a modicum of research based on the information plaintiff had provided.

5

Most importantly, the Ninth Circuit has rejected previous iterations of plaintiff's argument, and thus, the court must do so here. In this regard, the Ninth Circuit has held that the thirty-day window for removal is triggered only when a defendant receives a pleading or paper where it is clear on its face that the case is removable. *Harris v. Bankers Life and Cas. Co.*, 425 F.3d 689, 693 (9th Cir. 2005). Removability is determined "through examination of the four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry." *Id.* at 694; *Roth*, 720 F.3d at 1125. The court will not "inquire into the subjective knowledge of the defendant, an inquiry that could degenerate into a mini-trial regarding who knew what and when." *Harris*, 425 F.3d at 695. A defendant does not have to refer to other sources, such as business records or files, to determine if a pleading or paper indicates the case is removable. *Kuxhausen*, 707 F.3d at 1141. Thus, in order to start the thirty-day clock, "the ground for removal must be revealed affirmatively [by plaintiff]." *Harris*, 425 F.3d at 695. Accordingly, plaintiff's argument that defendant was required to independently research and/or ascertain removability does not provide a basis to remand this action, and the only viable issue before the court is whether plaintiff's October 1, 2020 Original Responses, or another of plaintiff's "papers," triggered the running of the thirty-day time period for removal. *See, e.g.*, *Taylor v. United Road Servs., Inc.*, 313 F. Supp. 3d 1161, 1170 (E.D. Cal. 2018).

The court finds unpersuasive each of plaintiff's three arguments as to why defendant should have been on notice that the amount in controversy exceeding $75,000 based on her Original Responses or other "papers." First, plaintiff's Original Responses do not reflect that her claims for emotional distress damages could potentially exceed the minimum amount in controversy required for this court's diversity jurisdiction. In fact, the Original Responses only affirmatively indicated that there was approximately $2,400 in controversy: $1,500 to be able to make the vehicle [from the accident] useable" and $904.21 for rental car expenses. (*See* Doc. No. 9-2 at 15, 43, 52.) Although plaintiff points to several cases where courts have held that allegations of emotional distress damages met the amount in controversy, even when plaintiff did not plead a specific amount, those cases all involve *serious* physical injury. *See, e.g.*, *Moore v. CVS Health Corp.*, No. EDCV 17-888 JGB, 2017 WL 2999021, at *2 (C.D. Cal. July 14, 2017)

(serious heart issues and respiratory problems resulting in emergency care and multiple hospital stays); *Hammarlund v. C.R. Bard, Inc.*, No. 2:15-cv-05506-SVW-JEM, 2015 WL 5826780, at *2 (C.D. Cal. Oct. 2, 2015) (a recurred umbilical hernia, small bowel obstruction, and kidney damage, requiring surgery and a four-day hospital stay); *Campbell v. Bridgestone/Firestone, Inc.*, No. 2:05-cv-1499-FVS-DLB, 2006 WL 707291, at *2 (E.D. Cal. March 17, 2006) (head trauma, a broken arm and wrist, and an injured collarbone); *Calkins v. Southwest Airlines Co.*, No. 2:19-cv-01215-SVW-MRW, 2019 WL 1553665, at *3 (C.D. Cal. April 10, 2019) (brain injury, injury to the nervous system, and permanent disability, requiring surgery and other future treatment.) Here, plaintiff alleges exclusively emotional distress injuries related to defendant's alleged failure to resolve her insurance claim. (Doc. No. 1-2 at ¶ 33) ("As a direct and proximate result of GEICO's conduct, Plaintiff has suffered mental and emotional distress and discomfort in an amount not yet fully ascertained.") Those allegations of emotional distress are clearly distinguishable from the severe bodily injury claims that might make a pleading or paper removable on its face. (*See* Doc. No. 9-2 at 11–13.) Consequently, this court concludes that the emotional distress allegations in plaintiff's Original Responses did not contain enough information on their face for defendant to ascertain that the $75,000 amount in controversy requirement was met.

Second, with respect to attorneys' fees, plaintiff did not provide a specific amount in her Original Responses. (*Id.* at 73–74.) In the pending motion, plaintiff argues that plaintiff should have read the Original Responses in conjunction with a motion in which plaintiff stated she "anticipated a jury trial [that would last] 12–15 days." (Doc. No. 9-1 at 12.) But this argument underscores the point that the Original Responses alone did not indicate that attorneys' fees would exceed $75,000—especially given that the entirety of plaintiff's damages sought to date were only a few thousand dollars. (*See* Doc. No. 9-2 at 15, 43, 52.) It was not until the *Supplemental* Responses that plaintiff stated, for the first time, that she had accrued $27,400 in attorneys' fees as well as $873.00 in costs to date, and that such fees and costs were ongoing. (Doc. No. 13-2 at 29, 47–50.) Thus, plaintiff's attorneys' fees and costs sought in the Original Responses also did not contain enough information on its face for defendant to ascertain the

7

1   removability of this action as required by § 1446.

2   Finally, plaintiff claims that her discovery responses started the clock for removal because
3   defendant could conduct a "math calculation" to estimate her potential restitution and
4   disgorgement damages as $192,000 by using the $16 premium amount provided in plaintiff's
5   Original Responses. (Doc. No. 9-1 at 13.) Plaintiff alleges that her Original Responses provided
6   defendant with the $16 premium amount, and that "nothing more was required to be provided by
7   the Plaintiff after [defendant] received her declarations page to make the calculation that her
8   claimed damages could potentially reach $192,000 on her fourth cause of action alone." (*Id.*)
9   The governing case law does not support this argument.

10   While the Ninth Circuit has held that a defendant has to multiply figures "clearly stated"
11   in a paper to determine removability, the Ninth Circuit has also determined that performance of
12   this task by a party is required only if all of those such figures are actually provided in the paper.
13   *Kuxhausen*, 707 F.3d at 1140–41. A defendant does not have to look outside the paper to
14   determine the amount in controversy within thirty-days. *Id.* at 1141; *see also Carvalho v. Equifax*
15   *Information Services, LLC.*, 629 F.3d 876, 887 (9th Cir. 2010) (holding that defendant could
16   reasonably determine the amount in controversy once provided the number of class members by
17   the complaint and estimation of damages per class member in a deposition); *Garcia v. Wal-Mart*
18   *Stores, Inc.*, 207 F. Supp. 3d 1114, 1127 (C.D. Cal. 2016) (holding that the paper triggered
19   removal because all of defendant's "calculations were based on plaintiffs' own allegations").

20   Here, the calculation plaintiff asserts defendant should have performed involves three
21   figures: (1) the $16 annual insurance premium; (2) the estimated 3,000 policyholders; and (3) the
22   four-year time period within the statute of limitations for the Business & Professions Code
23   § 17200. (Doc. No. 1 at 10.) Plaintiff attests that the $16 figure came from her Original
24   Responses. (Doc. Nos. 9-1 at 13, 9-2 at 39.) However, plaintiff does not even suggest that she
25   provided the 3,000 policyholders figure needed to complete the calculation she argues defendant
26   should have made. (Doc. No. 9-1 at 13.) Indeed, defendant's motion to remove and supporting
27   exhibits indicate that defendant itself, not plaintiff, produced the policyholders figure through a
28   rather complicated claims search. (*See* Doc. Nos. 1 at 10, 1-12.) Consequently, it appears that

plaintiff did not actually provide all of the information necessary for defendant to complete the multiplication to ascertain the potential amount in controversy.  Thus, plaintiff's restitution and disgorgement damages in the Original Responses also failed to demonstrate removability on their face.

## CONCLUSION

For all of the reasons explained above, plaintiff's motion to remand (Doc. No. 9) is denied.

IT IS SO ORDERED.

Dated:   **August 19, 2021**                                    /s/ Dale A. Drozd
                                                                                    UNITED STATES DISTRICT JUDGE